IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RASHUN BROWN,

    Petitioner,

v.                                                                                     No. 1:16-cv-01149-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 15, 2016, Petitioner, Rashun Brown, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) For the reasons that follow, the Petition is DENIED.[1]

BACKGROUND

In April 2013, a federal grand jury returned an indictment charging Brown with two counts of aiding and abetting the robbery of a business engaged in interstate commerce, in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act robbery"), and two counts of aiding and abetting the knowing use, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).[2] (*United States v. Brown*, No. 1:13-cr-10033-JDB-2, D.E. 2.) The Defendant subsequently pleaded guilty to the two robbery counts and one of the firearm counts.

---

[1] Unless otherwise noted, record citations are to documents filed in the instant case.

[2] In its discussion of the underlying criminal matter, the Court will refer to Brown as the "Defendant."

(*Id.*, D.E. 52.)  The Court sentenced him to an effective sentence of 130 months' incarceration and 3 years of supervised release.  (*Id.*, D.E. 71.)  He did not take a direct appeal.

DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).  Petitioner here argues that his conviction under § 924(c) should be set aside based on the ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally void for vagueness.  *See Johnson*, 135 S. Ct. at 2557.  The Court finds that *Johnson* has no relevance to Brown's § 924(c) firearm conviction.

> The firearm statute provides in pertinent part that,
>
> [e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime*—
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii) *if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years*; and
> >
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)-(iii) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of crime of violence, "only one part of which need apply." *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017). "First, a crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is known as the "use-of-force clause." *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018). "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)). This language is referred to as the statute's "residual clause." *Camp*, 903 F.3d at 597 n.2.

Even if *Johnson*'s finding rendered § 924(c)(3)'s residual clause unconstitutionally vague,[3] Petitioner is not entitled to relief because aiding and abetting Hobbs Act robbery is a crime of violence under the statute's use-of-force clause. In 2017, the Sixth Circuit held that the principle offense of Hobbs Act robbery is a crime of violence under that clause. *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017). And in 2018, it extended *Gooch* to aiding and abetting Hobbs Act robbery. *See United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018) (declining to address the constitutionality of § 924(c)(3)'s residual clause, and holding that the defendant's conviction for aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)).

---

[3] In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit held that § 924(c)'s residual clause is not void for vagueness. *Taylor*, 814 F.3d at 375-76. The Sixth Circuit has recently acknowledged that *Taylor* "stands on uncertain ground." *Richardson*, 906 F.3d at 425.

Brown's conviction for aiding and abetting Hobbs Act robbery is therefore a crime of violence, and resort to § 924(c)'s residual clause is unnecessary. The Petition is DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would

4

not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 2nd day of May, 2019.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.